**Charles Jason QUINN, Appellant,**

v.

**UNITED STATES of America, Appellees.**

**No. 74–1118.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1974.

Decided July 9, 1974.

Charles Jason Quinn, filed typewritten brief pro se.

William F. Clayton, U. S. Atty., and David R. Gienapp and Edward Carpenter, Asst. U. S. Attys., Sioux Falls, S. D., for appellees.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's order denying Charles Jason Quinn's 28 U.S.C. § 2255 motion to vacate his sentence imposed for violation of 18 U.S.C. § 1153 and § 661. That conviction was affirmed by this Court on appeal in United States v. Quinn, 467 F.2d 624 (8th Cir. 1972), cert. denied, 410 U.S. 935, 93 S.Ct. 1390, 35 L.Ed.2d 599 (1973). Quinn's post conviction attack on his sentence relates solely to the second count of the indictment which charged him with unlawfully taking and carrying away, with intent to steal or purloin, the personal property of another of the value of more than $100, in violation of 18 U.S.C. § 1153 and § 661.

Quinn asserts in his § 2255 motion that he was deprived of an instruction for a lesser included offense contrary to the dictates of Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). Although the events occurred and the conviction was rendered prior to the date of the *Keeble* decision, Quinn asserts that *Keeble* should be applied retroactively and that, because he received no lesser included offense instruction, his sentence should be vacated. We have already determined that the principle announced in the *Keeble* decision would not receive full retroactive effect in this circuit. United States v. Grant, 489 F.2d 27, 33 (8th Cir. 1973). However, we affirm the district court order denying Quinn's § 2255 motion for another reason.

■■■ We have recently reiterated that

> [t]he Supreme Court has recognized four grounds properly within the scope of a motion under 28 U.S.C. § 2255:
>
> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) "that the sentence is otherwise subject to collateral attack."

Hill v. United States, 368 U.S. 424, 426–427 [82 S.Ct. 468, 7 L.Ed.2d 417] (1962). The writ is not designed for collateral review of errors of law committed by the trial court such as . . . errors in trial procedure which do not cross the jurisdictional line. Sunal v. Large, 332 U.S. 174, 179 [67 S.Ct. 1588, 91 L.Ed. 1982] (1947). . . . However, constitutional defects in the process are cognizable under a § 2255 motion. Kaufman v. United States, 394 U.S. 217, 222 [89 S.Ct. 1068, 22 L.Ed.2d 227] (1969). Accordingly, . . . only

where a sentence is void or otherwise subject to collateral attack [does] § 2255 [afford] a remedy. . . .

Jackson v. United States, 495 F.2d 349 (8th Cir. 1974). Collateral attacks, of course, are authorized where a jurisdictional or constitutional error is of the magnitude that there has been a denial of a fair trial. Hill v. United States, *supra*, 368 U.S. at 428, 82 S.Ct. 468; Franano v. United States, 303 F.2d 470, 472 (8th Cir.), cert. denied, 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102 (1962); 2 C. Wright, Federal Practice and Procedure § 593 at 591 (1969). The claimed error need not have its source in the Constitution, but a collateral attack may be maintained if the prisoner is in custody in violation of the laws of the United States. Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). The appropriate inquiry is whether the claimed error was a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, *supra*, 368 U.S. at 428, 82 S.Ct. at 471. Under these standards, Quinn is not entitled to relief.

Quinn was tried in federal court under the jurisdictional grant of the Major Crimes Act, 18 U.S.C. § 3242. The penalty provisions for the Major Crimes Act are set forth in 18 U.S.C. § 1153. It provides, in part:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

*Id.* Of the above enumerated offenses, some are defined,[1] others defined and punished,[2] in accordance with the laws of the State in which the offense was committed. The remaining enumerated offenses are subject to the same laws and penalties as all other persons committing any of the offenses within the exclusive jurisdiction of the United States. Larceny is one such offense and it is defined by 18 U.S.C. § 661 as follows:

> Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

> If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.

> \* \* \* \* \* \*

Taking property valued at less than $100 is therefore within the definition of the substantive crime of larceny; it is a crime in the exclusive jurisdiction of the United States; and it is a crime cognizable under 18 U.S.C. § 1153 when committed by an Indian in Indian country. This then is not a case to which *Keeble* is applicable where "an Indian prosecuted under the Act . . . [sought] a jury instruction on a lesser included offense where that lesser offense [was] not one of the crimes enumerated in the Act." *Keeble v. United States, supra,* 412 U.S. at 206, 93 S.Ct. at 1994. The substantive offense here was enumerated in the Act by virtue of the incorporated definition of 18 U.S.C. § 661. Quinn was at all times entitled to the lesser offense instruction for a violation of that

section. *See* Larson v. United States, 296 F.2d 80 (10th Cir. 1961).

■ To entitle a defendant to a lesser included offense instruction, however, a proper request must be made. United States v. Thompson, 492 F.2d 359, 362 (8th Cir. 1974). Here, the defense counsel did not object to the court's proposed instructions in chambers; he did not submit any request for a lesser included offense instruction. Rather, he acquiesced in the instructions as delivered to the jury. Quinn's failure to request the lesser offense instruction cannot be characterized as a constitutional deprivation on a theory that there was recent and unequivocal authority in this circuit denying precisely the instruction sought which would render futile a request. Such a situation permitted us to excuse a failure to request a lesser offense instruction in United States v. Grant, *supra,* 489 F.2d at 29–30. Kills Crow v. United States, 451 F.2d 323, 325 (8th Cir. 1971), cert. denied, 405 U.S. 999, 92 S.Ct. 1262, 31 L.Ed.2d 467 (1972), the unequivocal and contrary authority referred to in *Grant,* ultimately reversed by the Supreme Court in *Keeble,* did not purport to deal with federally defined offenses. To the contrary, *Kills Crow* disallowed a lesser offense instruction where the major crime was federally cognizable, yet the lesser included offense as defined by state law was not enumerated in the Act and was therefore thought to be outside the jurisdiction of the federal courts. That is not the case here. *Kills Crow* never altered the necessity to request a lesser offense instruction where the lesser offense was cognizable at federal law and was enumerated in the Act. *Keeble* does not represent an intervening change in the substantive law which governed Quinn's right to a lesser included offense instruction.

---

1. Rape and assault with intent to commit rape. 18 U.S.C. § 1153.

2. Burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and incest. 18 U.S.C. § 1153. Within this group of offenses was the offense for which Keeble was tried and convicted.

F.R.Crim.P. 30 provides, in part:

No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

Quinn's noncompliance with Rule 30 is a trial error not properly within the scope of collateral attack. Weaver v. United States, 418 F.2d 475, 476 (8th Cir. 1969). 28 U.S.C. § 2255 affords no remedy for such an error. See Jackson v. United States, supra.

For the reasons hereinbefore expressed, the judgment of the district court is affirmed.