Samuel S. JACKSON, Appellant,

v.

Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, Appellee.

No. 74–1711.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1974.

Decided Jan. 9, 1975.

Samuel S. Jackson, pro se.

Jim Guy Tucker, Atty. Gen., and Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Samuel S. Jackson, an Arkansas state prisoner, seeks relief in federal court from a state conviction and incarceration for robbery. Essentially, Jackson presents two grounds in support of his contention that he was convicted in violation of his constitutional rights:

1) the Arkansas trial court did not instruct the jury on the limited credibility to be given accomplice testimony; and

2) the trial judge, in the absence of the defendant, orally communicated with the jury on several occasions during jury deliberations.

Jackson raised these matters on direct appeal to the Arkansas Supreme Court but that court denied him any relief. Jackson v. State, 256 Ark. 406, 507 S.W.2d 705 (1974). The federal district court also rejected these same contentions in denying him habeas corpus relief. Jackson then brought this appeal pro se.

 The first contention, relating to the alleged omitted instructions governing accomplice testimony, raises no issue of constitutional magnitude which is cognizable in habeas corpus. As we stated in Quinn v. United States, 499 F.2d 794 (8th Cir. 1974), quoting from Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), "[t]he appropriate inquiry is whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" 499 F.2d at 795. In this case, the district court properly rejected Jackson's contention, observing that

[t]he transcript of petitioner's trial reveals that instructions as to the credibility of the testimony of the petitioner's accomplices were, in fact, given, and that they properly pointed out the duty of the jury in assessing that testimony.

 Jackson's second contention does raise an issue of constitutional significance, for it is settled law that communications between judge and jury in the absence of the defendant and his counsel are improper. See, e. g., Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927); United States ex rel. Tobe v. Bensinger, 492 F.2d 232, 237–238 (7th Cir. 1974); United States v. McNair, 140 U.S.App.D.C. 26, 433 F.2d 1132, 1136 (1970); Rice v. United States, 356 F.2d 709, 716 (8th Cir. 1966). The rationale of these cases is that a defendant has a right to be present at every stage of his trial. See Shields v. United States, supra, 273 U.S. at 588–589, 47 S.Ct. 478; United States v. McNair, supra, 433 F.2d at 1136.

Because a defendant's right to be present is, in the federal context, guaranteed by Fed.R.Crim.P. 43, the federal courts have, typically, not been called upon to determine the precise constitutional dimensions of this right. See, e. g., Wade v. United States, 142 U.S.App. D.C. 356, 441 F.2d 1046 (1971). Nevertheless, there appears little doubt that a defendant's right to be present is constitutionally grounded in either the right to confrontation of the sixth amendment or the right to due process of the fifth and fourteenth amendments. See Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (right of confrontation); Wade v. United States, supra, 441 F.2d at 1049 (right of confrontation); United States v. Crutcher, 405 F.2d 239, 242 (2d Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969) ("elementary principle of due process"); 3 C. Wright & A. Miller, Federal Prac-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

tice & Procedure § 721 at 192–93 (1969); *cf.* Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892) (right to be present is a "leading principle that pervades the entire law of criminal procedure").

■ The courts are almost uniform in holding that such communications, although presumptively prejudicial, may be shown to constitute harmless error. *See, e. g.,* United States ex rel. Tobe v. Bensinger, *supra,* 492 F.2d at 238; United States v. Glick, 463 F.2d 491, 493–494 (2d Cir. 1972); United States v. Arriagada, 451 F.2d 487, 488–489 (4th Cir. 1971), cert. denied, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972); Wade v. United States, *supra,* 441 F.2d at 1048–1051; McClain v. Swenson, 435 F.2d 327 (8th Cir. 1970); United States v. McNair, *supra,* 433 F.2d at 1136; Rice v. United States, *supra,* 356 F.2d at 716–717. There is only limited authority for the proposition that the presumption may not be rebutted. *See* United States v. Neal, 320 F.2d 533, 536 (3d Cir. 1963); Evans v. United States, 284 F.2d 393, 395 (6th Cir. 1960).

■ The record in this case clearly rebuts any presumption of prejudice. The jury expressed its concern to the trial court on whether it was required to find the defendant guilty and assess punishment on all seven counts or whether it could return a guilty verdict on one count only. The trial judge, counsel for the defendant, and the prosecutor—but not the defendant—made several trips into the jury room to respond to inquiries on this subject. The trial judge answered the jury's inquiries. When the jury's confusion seemed to persist, the judge recalled the jury to the courtroom and reread the instructions in their entirety. The jury returned a guilty verdict on only one count. The proceedings were duly reported and the record reflects that Jackson suffered no prejudice from these unusual colloquies. The jury's questions were directed toward learning whether it might convict on one count rather than on several counts. Ul-

timately, it resolved this dilemma in favor of the defendant.

The Arkansas Supreme Court has expressed its strong disapproval of this kind of communication between the trial judge and jury outside of open court. Jackson v. State, *supra,* 507 S.W.2d at 708. We agree that such communication constitutes trial error. However, the record in this case discloses no prejudice and the error does not warrant habeas corpus relief.

Affirmed.