UNITED STATES of America,
Appellee,

v.

David M. TREATMAN, Appellant.

No. 75–1048.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1975.

Decided Oct. 31, 1975.

Joseph Taback, Michael S. Luros, Beverly Hills, Cal., for appellant.

Paul Madgett, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

David M. Treatman was convicted by a jury on three counts of a seven-count indictment charging use of the United States mail for the transportation of obscene material in violation of 18 U.S.C. § 1461. Treatman has filed a timely appeal from a final order of the District Court overruling his post-trial motions for a new trial and for judgment of acquittal. He raises six issues. We consider only one: whether the trial court's communications with the jury outside the presence of the defendant and his counsel is grounds for reversal.[1] We hold that it is.

The appellant argues his constitutional and statutory right[2] to be personally present at all stages of the criminal proceedings was violated by communications between the trial judge and the jury after the jury began its deliberations and without notice to the appellant and his counsel.

---

1. The other five issues were:

I. Was Instruction No. 11 a violation of defendant's First and Fifth Amendment rights because it allowed the jury to assess the pruriency of the allegedly obscene material in terms of its appeal to a clearly defined deviant sexual group because there was no evidence to show that the material was designed or disseminated to such a group.

II. Did the use of the "Allen" charge deprive defendant due process of law because

(a) the "Allen" charge is per se coercive, and

(b) the circumstances under which it was given coerced the jury into finding appellant guilty.

III. Was the instruction to the jury allowing them to assess the offensiveness of the alleged obscene material in terms of a "national standard" error.

IV. Were the verdicts of guilty on three of the seven-count indictment constitutionally inconsistent with acquittals on the other four counts because the subject matter in all seven counts was substantially the same.

V. Was the final argument of the United States Attorney prejudicial to appellant because of the reference to a fact unsupported by the record and outside the issues in the case.

2. See Rule 43, Fed.R.Crim.P.

Immediately prior to the commencement of the jury's deliberation, the trial court called the jury into court without notice to or the presence of the appellant or his counsel for the purpose of correcting the wording of one of the instructions.

On the morning of the second day of deliberations, the jury sent a note to the trial judge advising him that they had reached a verdict as to four counts of the indictment but were unable to reach a unanimous verdict as to the remaining three counts. The trial judge notified counsel of such communication and of his intention to give the jury a supplemental instruction in the form of the "Allen" charge. The charge was given over defense counsel's objection. Thereafter, the judge received a note on behalf of several members of the jury asking to see a written copy of that instruction. Without notice to the appellant or his counsel, the trial judge complied with the jury's request.

Late in the jury's second day of deliberations, a note was sent to the judge with respect to the instruction on assessing the prurient appeal of the evidence before it. This note read:

> We find instruction # 11 confusing.
>
> To have prurient appeal, do we consider the average person's reaction?
>
> Or, do we judge if it has prurient appeal to a deviant group?
>
> Which should be our major consideration in defining "prurient".
>
> If material has some prurient appeal, but is not the dominant theme, in our opinion, do we find "guilty" or "not guilty" on this one requirement of obscenity.
>
> /s/ Willard Stunkel, foreman

The trial court answered this request by stating that he did not believe the instruction required further discussion.

Later the same day, the jury sent another note to the trial judge asking the following questions:

> Judge Schatz:
>
> Regarding Purient [sic] interest—to be purient [sic], does sexual material have to appeal to the "majority" of the average adults in the so called community or to just "some" of the average? Is the same true for the "majority" or "some" of the deviant group.
>
> /s/ Willard L. Stunkel, foreman

The District Court failed to notify the appellant and his counsel, and responded with the following note:

> 6:30 p. m.
>
> November 13, 1974
>
> Ladies and Gentlemen:
>
> I have your note regarding prurient interest.
>
> I refer you to Instruction Number 11, particularly to the third paragraph of that Instruction. As stated therein, the material here involved must be measured by its appeal to the average American adult. The instruction does not provide, and there is no requirement, that said appeal be to the majority of the average adults in the entire community.
>
> Further, I again refer you to Instruction Number 11, and particularly the next to last paragraph of said Instruction which provides that you may also consider whether some of the materials involved are designed for a clearly defined deviant sexual group and whether such material appeals to the prurient interest in sex of the members of that group. There is no requirement, and you need not consider, whether said appeal is to a majority of such group.
>
> /s/ A. G. Schatz,
> Albert G. Schatz, Judge

An hour later, the jury reached a verdict on all counts.

■ Ordinarily, we will not consider assignments of error in criminal cases based on instructions given to the jury unless objections are made as required by Fed.R.Crim.P. 30. *United States v. Freeman*, 514 F.2d 171, 174 (8th Cir. 1975).

■ Since neither the appellant nor his counsel were notified of the court's

intention to give additional instructions and were not present when they were given, the appellant cannot be faulted for failure to except to the additional instruction given in his absence. We consider the issues properly raised on appeal.

 It is settled law that communications between judge and jury in the absence of and without notice to defendant and his counsel are improper. *Jackson v. Hutto,* 508 F.2d 890, 891 (8th Cir. 1975). The appellant's right to be present is constitutionally guaranteed by both the Fifth and Sixth Amendments to the federal constitution. *Id.* However, although such communications create a presumption of prejudice, *Rogers v. United States,* 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); *Jackson v. Hutto, supra* 508 F.2d at 892, such presumptions "may be overcome by evidence giving a clear indication of lack of prejudice." *Rice v. United States,* 356 F.2d 709, 717 (8th Cir. 1966) (footnote omitted). *See McClain v. Swenson,* 435 F.2d 327, 331 (8th Cir. 1970) (presumption overcome).

 We need not decide whether the presumption of prejudice on the first two instructions were overcome by clear evidence indicating lack of prejudice because, in our view, there was fundamental error in the supplemental instruction. First of all, it is obvious from the jury's questions that they did not understand that the prurient interest of the average adult must be measured by the synthesis of the entire community. There is obviously no such thing as a minority or majority of "the average adult in the community" or just "some" of the average. The court's answer that "there is no requirement that said appeal be to the majority of the average adults in the entire community" implies the converse, that it need only appeal to "some" of the average people. This, of course, would be error and is contradictory to what the court originally charged the jury. It is obvious by the jury's question that sim-

ply referring them back to the instruction was not enough because the jury misunderstood the court's instruction and the court, if it felt amplification was necessary, should have pointed out in the supplementary instructions that the term "average person" does not involve any number of people, the majority, or a few, or some, but is a term connoting a composite or synthesis of the community. It is a term used hypothetically as pointed out in *Hamling v. United States,* 418 U.S. 87, 104, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), and used in the same manner as the "reasonable man."

The defense counsel, not being present, did not have an opportunity to point this out to the court.

Further error was committed in the remainder of the instruction because, in speaking of a specifically defined deviant sexual group, the court once again tells the jury it does not need to be an appeal to the majority of such group. This implies again that the questioned material needs to appeal to only some members of that group which might include only "the most susceptible members of that group." This clearly would be contrary to *Mishkin v. New York,* 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966), and *Hamling v. United States, supra.* There can be no question that the jury would interpret the judge's answer in that manner because of the way the question was asked. The jury is asking, does it need to appeal to a "majority" or just to "some." The court answers there is no requirement that it appeal to the majority. The direct implication is that it needs to appeal only to some. This is clearly wrong because *Hamling* and *Mishkin* require an appeal to a synthesis or the average person of a community or to a specified group as a whole. These terms do not connote numbers for if they did, then the numbers might be measured by the few in the community or in the group which were the most susceptible to harm.

The judgment of conviction is reversed.