**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy V. BENAVIDES,
Defendant-Appellant.**

No. 76–2539.

United States Court of Appeals,
Fifth Circuit.

March 25, 1977.

---

K. Wally Bowman, John W. Henvey, Dallas, Tex., for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GODBOLD, SIMPSON and GEE, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was convicted by a jury of aiding and abetting the distribution of heroin. The conviction is reversed.

The jury retired for deliberations at approximately 11:30 a. m. Later, at a time not known, the jury sent this note to the judge:

> At this time we have a 10 to 2 for guilty and cannot reach a verdict.
> (signed M. L. Wilson)

Neither appellant nor his counsel was notified of the note. Instead the court, without appellant or his counsel being present and without their knowledge, sent the jury this note in reply:

> Take a recess and consider the offense further
> (signed Sarah T. Hughes)

After verdict appellant learned of these communications between judge and jury.

Rule 43, F.R.Crim.P., affords the defendant the right to be present at all stages of his trial, including presence during communication between court and deliberating jury. *Rogers v. United States,* 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). The error can be harmless. *United States v. Gradsky,* 434 F.2d 880, 884 (CA5), *cert. denied sub nom., Roberts v. United States,* 401 U.S. 925, 91 S.Ct. 884, 27 L.Ed.2d 828 (1971), and *Gradsky v. United States,* 409 U.S. 894, 93 S.Ct. 203, 34 L.Ed.2d 151 (1972). In view of the language of the reply note, "Consider the *offense* further," which carried the implication that the court thought the defendant guilty of the charge, the government's contention of harmless error is insubstantial.

■ Also, the trial court unduly restricted defendant's cross-examination of government witness Gonzalez-Garay, the accomplice, concerning his plea bargain. It was established that the bargain involved reduction of charges against Gonzalez-Garay from felony to misdemeanor, and that Gonzalez-Garay had been advised of the maximum penalties. The defense sought to go into whether the witness was aware of the range of penalties and whether he had been advised by the U.S. Attorney that the court would decide on the sentence. The court intervened in both inquiries and stated that defendant was not aware of the punishment range and that defendant had been advised that the judge would set the sentence. The net effect was to cut off inquiry into what Gonzalez-Garay understood his bargain was and what the U.S. Attorney had represented to him the bargain was, and in lieu thereof substituted the court's own statements in response. Of course, the court knew its own policy, which presumably was to set the sentence without advice from the U.S. Attorney, but this does not obviate the propriety of defendant's inquiring into what statements and representations had been made to him—authorized by the court or not—by the prosecutor.[1]

Some of the prosecutor's remarks in closing argument were not proper. We assume this issue will not arise in the second trial.

REVERSED.

GEE, Circuit Judge, dissenting in part:

I do not agree that the trial court exceeded its broad discretion over the scope of cross-examination in refusing to permit inquiry into the range of sentence variations between what the witness Gonzalez was charged with and what he pled to. Counsel wished to reveal Gonzalez' bias through showing now drastically his potential sentence had been reduced in exchange for his testimony. The fact that Gonzalez had entered into a plea bargain had been re-

peatedly presented to the jury. The colloquy complained of is:

Q (defense): Mario, your case has been reduced from a felony to a misdemeanor, hasn't it?

A Yes, exactly.

Q Are you aware of the maximum—

PROSECUTOR: Objection with reference to the punishment. That's in the power and province of the Court.

COURT: What is your question?

DEFENSE COUNSEL: I was going to ask him if he was aware of the punishment range, your honor.

COURT: Well, that is a matter for the court. He is now aware of it. I'll. tell you that. He may know what the maximum penalty is, but he doesn't know what the court is going to do.

DEFENSE COUNSEL: I realize that, your honor. I was going to ask him if he had been advised of that by the U. S. Attorney. May I ask him that question?

COURT: I'll tell you that he was advised.

DEFENSE COUNSEL: All right. We will pass the witness at this time, your honor.

Appellant relies on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), which upholds a defendant's sixth amendment right to cross-examine for the purpose of revealing possible bias. The Supreme Court held that it was not enough to ask whether the witness was biased but questions as to why he was biased must also be permitted. The fact and the nature of Gonzalez' bias was presented to the jury on several occasions, and the trial court properly refused to allow defense counsel to go into the range of punishment for each offense. In *U. S. v. Markham*, 537 F.2d 187 (5th Cir. 1976), this court reiterated the principle that the range of cross-examina-

---

1. Appellant also claims that the court erred in admitting into evidence a pistol found in the glove compartment of his car when he was arrested, appellant was sitting in the car, outside the house where the accomplice had made the single delivery of heroin involved. Because of the other errors we do not dwell on the details of the pistol except to say that, if admissible, it was only marginally so.

tion is committed to the trial court's discretion, and to reverse a conviction an appellant must show an abuse of that discretion. *Markham* further held that once bias has been fully established the court need not allow repetitious inquiries on cross-examination. 537 F.2d, at 196. See also *United States v. Onori*, 535 F.2d 938 (5th Cir. 1976). This jury was fully apprised of Gonzalez' motives for testifying against Benavides but chose to believe him anyway rather than believing Benavides. There was no abuse of the trial court's discretion and no objection to its ruling, rather acquiescence.