**Donald W. BURSON, # 139–533, Plaintiff,**

v.

**Ted ENGLE, Superintendent, and William J. Brown, the Attorney General of the State of Ohio, Defendants.**

**Civ. A. No. C 77–98 A.**

United States District Court, N. D. Ohio, E. D.

May 24, 1977.

Richard L. Aynes, Appellate Review Office School of Law The University of Akron, Akron, Ohio, for plaintiff.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## ORDER

CONTIE, District Judge.

This action for habeas corpus relief under 28 U.S.C. § 2254 was initiated upon the granting of petitioner's motion for leave to proceed in forma pauperis on March 22, 1977. Pursuant to the Court's Order of the same date, respondent has filed a Return of Writ. Upon consideration of the petition, the Return of Writ, and petitioner's memorandum in reply, the Court concludes that an evidentiary hearing must be conducted.

Petitioner was found guilty on July 11, 1974 by a jury of murder in the first degree. He was sentenced to a term of life imprisonment on July 12, 1974.

Immediately prior to the imposition of sentence, petitioner inquired of the sentencing court as to an alleged conversation between the judge and a juror in chambers. The trial judge stated, on the record, that " . . . one of the jurors asked me a question in the hallway but it had nothing to do with the trial." This inquiry by petitioner was the first time the issue had been raised.

After the imposition of sentence, petitioner filed a motion for a new trial. Among the grounds advanced therein, petitioner asserted, without any evidentiary support, that during the course of the trial one of the jurors informed the trial judge that she had a vacation planned for July 12, 1974 and expressed concern over missing part of the vacation. Said juror also assertedly requested to be replaced by an alternate. This communication assertedly occurred without the knowledge of petitioner or his counsel, and was not later reported to them by the trial court. The motion for a new trial was denied.

Petitioner appealed his conviction on the sole ground that the trial judge held a

private, out-of-court conversation with a juror. Noting that such conversation was not part of the record, the Court of Appeals for the Fifth Judicial District of Ohio affirmed the conviction on two independent grounds. First, the Court of Appeals found no error from the "fact" that the trial judge was asked a question by a juror not relating to the case. The Court of Appeals also observed that so far as the record was concerned, the trial judge had never even spoken to the juror.

The second ground relied upon by the Court of Appeals was petitioner's failure to call the alleged error to the trial court's attention within adequate time to correct it. Finding that petitioner "withheld" his objection, the court observed:

> "With what he believed was a sure reversal tucked safely away, the [petitioner] remained silent and made his complaint only after he lost the verdict."

The Supreme Court of Ohio denied review and this action followed. The only ground advanced herein is the alleged improper communication between the trial judge and the juror.

■ As stated by the Supreme Court in *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970):

> "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."

It is equally well established that communications between a judge and a member of the jury in the absence of the defendant and his counsel are improper. *Shields v. United States*, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). However, most of the cases dealing with the subject were decided under Rule 43(a) Federal Rules of Criminal Procedure. See e.g. *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975): *United States v. Gay,*, 522 F.2d 429 (6th Cir. 1975); Wright, *Federal Practice and Procedure* : Criminal §§ 721 and 724 (1969).

■ Under Rule 43(a) a communication between a judge and a juror or jurors after the commencement of deliberations is erroneous. *Rogers v. United States, supra; United States v. Reynolds*, 489 F.2d 4 (6th Cir. 1973). Even communications regarding requests by jurors for excuse prior to the actual commencement of trial but after the jury is impaneled are improper, at least where a record sufficient for appellate review is not made. See *United States v. Gay, supra*. However, not every case of improper communication under Rule 43(a) requires reversal, for the harmless error rule of Rule 52 of the Federal Rules of Criminal Procedure applies to such cases. The relevant inquiry is whether there is any reasonable possibility of prejudice to defendant. *United States v. Reynolds, supra*, at 8, quoting from *Wade v. United States*, 142 U.S.App.D.C. 356, 441 F.2d 1046 (1971). In the absence of a record of the communication, prejudice to the defendant must be presumed. *United States v. Gay, supra; United States v. Treatman*, 524 F.2d 320 (8th Cir. 1975); Wright, *Federal Practice and Procedure* : Criminal § 724, n.55 (1969).

Rule 43(a) has no direct application in this action, however. Review in a habeas corpus case is restricted to denials of constitutional rights. Thus the first issue is whether the principles outlined above are constitutionally mandated. This Court is of the opinion that they are.

■ The Due Process Clause of the Fourteenth Amendment requires that every defendant in a criminal case be given a fair trial. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). It is clear that "the orderly conduct of a trial by jury, [which is] essential to the proper protection of the right to be heard," entitles a defendant to receive notice of and be present at all proceedings after a jury is impaneled until the verdict is rendered. *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81, 39 S.Ct. 435, 437, 63 L.Ed. 853 (1919); *Shields v. United States, supra.** The importance of the integrity of the jury system, and particularly

---

* The Court is aware that in *Shields* the Supreme Court declined to reach this issue under the Due Process Clause.

the potentially devastating impact of a suggestion, conscious or unconscious, by the trial judge to a juror regarding the court's view of the case, clearly justifies the fundamental character of this well established principle. In fact, the rule against communication between judge and jury in the absence of a defendant and his counsel may well also be grounded in the Confrontation Clause of the Sixth Amendment. *Jackson v. Hutto*, 508 F.2d 890 (8th Cir. 1975). See also *United States v. Treatman, supra.*

■ The very policies which underlie the scope of inquiry and presumption of prejudice in such cases under Rule 43(a) apply with equal force to alleged violations of the constitutional duties. Therefore the Court concludes that petitioner has asserted a claim of constitutional magnitude without allegations of facts sufficient to demonstrate prejudice.

■ Yet the error might well have been harmless. In these circumstances, an evidentiary hearing must be conducted to determine whether any reasonable possibility of prejudice exists. Of course, once evidence of such communication is established, the burden of proving the harmless nature thereof will be on respondent.

However, there is the suggestion in this record that petitioner knowingly and intentionally waived his right to object to the constitutional error. See *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Cf. *United States v. Treatman, supra; United States v. Diggs*, 173 U.S.App.D.C. 95, 522 F.2d 1310 (1975). Although the Court intimates no opinion as to the sufficiency of such an argument, it feels compelled to receive evidence on this issue at the evidentiary hearing.

Accordingly, an evidentiary hearing shall be scheduled on the two issues identified above. Counsel for the parties are hereby ordered to file a written report to the Court within fourteen (14) days of the date of this Order as to their preparedness for such a hearing. Said reports shall outline the evidence expected to be introduced and shall include estimates as to the hearing time to be required. Such reports will be received in camera if so requested by the parties.

IT IS SO ORDERED.