**STATE of Iowa, Appellee,**

v.

**Jack Louis DREESSEN, Appellant.**

**No. 64800.**

Supreme Court of Iowa.

May 13, 1981.

Martha Shepard, Polk County Offender Advocate, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Dan L. Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves the effect upon the validity of a verdict of a communication by the trial court to the jury in the absence of the parties.

Charged with second-degree burglary, a felony under sections 713.1 and 713.3, The Code 1979, defendant Jack Louis Dreessen pleaded not guilty and stood trial. The jury retired to deliberate at 11:30 a. m. on February 14, 1980. At 4:10 p. m. that day, the jury forewoman sent the District Judge the following note:

> This jury has been unable to reach a unanimous verdict.

The judge responded to the jury as follows, on the record:

> Members of the Jury, this case was submitted to you at 11:30 a. m. and you have been deliberating since I suppose you returned from lunch. The Court received a communication from the foreman, Louise Silver, as follows: "This jury has been unable to reach a unanimous decision." The Court feels that at this time I should advise you that it will be necessary for you to deliberate further. It is now ten minutes after four in the afternoon and I believe that the Court will permit you to separate and go home at this time and return at 8:30 in the morning. You can return to this courtroom and the bailiff will escort you to a jury room and you will have to deliberate further and try to reach a verdict. Four hours of deliberation just isn't enough for the Court to accept the fact that you are unable to reach a decision at this time.

> Remember the admonition heretofore given you by the Court. You are not to talk about this with anyone else, about the case with anyone else, and you may now separate and go home and come back at 8:30 in the morning.

Counsel and defendant were not present when this transpired.

The jury returned the next morning and resumed deliberations. Also that morning, counsel were informed as to what took place the previous afternoon, and defense counsel moved for a mistrial on account of it. The court overruled the motion.

The jury returned a verdict of guilty, and defendant moved for a new trial on the ground of his previous motion. The court overruled this motion also, and imposed sentence. Defendant appealed.

I. Defendant contends that in the exchange on the afternoon of February 14, the trial court "instructed" the jury in the absence of counsel and the accused contrary to rules 18(7)(g) and 25(1) of the Rules of Criminal Procedure:

> 18(7)(g). *Report for information.* After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law, arising in the cause, it must require the officer to conduct it into court, and upon its being brought in, the information required may be given, in the discretion of the trial court. Where further information as to the testimony which was given at trial is taken by the jury, this shall be accomplished by the court reporter or other appropriate official reading from the reporter's notes. Where the court gives the jury additional instructions, this shall appear of record. Provided, that the proce-

dures described in this section shall take place in the presence of defendant and counsel for the defense and prosecution, unless such presence is waived.

25(1). *Felony or misdemeanor.* In felony cases the defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.

■ We subsequently consider rule 25(1). We do not, however, find merit in the contention that the court *instructed* the jury under rule 18(7)(*g*). This court stated in *Burton v. Neill*, 140 Iowa 141, 145, 118 N.W. 302, 303 (1908):

That general directions to the jurors as to their duty, not having any bearing upon the evidence which they are to consider and the law applicable thereto, are not instructions such as are required to be in writing under statutory provisions is illustrated by many cases. ·

Subsequent cases support this view. *State v. Mullenix*, 212 Iowa 1043, 1050, 237 N.W. 483, 486–87 (1931) ("He repeatedly referred the jury back to the instructions he had given. This could have been done more directly, in fewer words, rather than many. In the end, the jury went back to its jury room with precisely the same instructions that it had before."); *State v. Johnston*, 221 Iowa 933, 945, 267 N.W. 698, 704 (1936) ("[H]e does not feel that at this time he would say anything to you that would be any more helpful than what he has already said in the instructions which he has given you, and he feels that it is his duty under the law to ask you to retire for further deliberation, and he suggests that it might be helpful to you to read the instructions which the court has given you, again. He hopes that there may be a final agreement."—not an oral instruction); *State v. Slater*, 242 Iowa 958, 961–62, 48 N.W.2d 877, 879–80 (1951) (court orally urged jurors to endeavor to agree on verdict and directed them to retire and continue delibera-

tions—not an instruction required to be in writing).

We hold that the court's communication to the jury was not an "instruction" and that the rule in that regard is therefore inapplicable.

II. Defendant also contends that the court's communication with the jury in the absence of him and his counsel violated rule 25(1) which we have quoted, as well as rule 23(2)(*b*)(1) (new trial may be granted where trial is held in absence of the defendant) and defendant's constitutional rights to assistance of counsel and to be present throughout the trial.

■ This court has stated, and we repeat, that the better practice is for trial courts to communicate with jurors only in the presence of counsel and the accused. *State v. Hahn*, 259 N.W.2d 753, 757 (Iowa 1977); *see Daniels v. Bloomquist*, 258 Iowa 301, 306–07, 138 N.W.2d 868, 871–72 (1965). We may assume that the court should have done so here, but the question is whether any harm came to defendant by what the court did. Far different from what happened in *Daniels*, for example, this court's words were taken down and preserved, and defendant was allowed to make his record by motions for mistrial and for new trial. No indication whatsoever exists that had counsel and defendant been present, the trial court would have done and said anything different from what it did do and say. Nor can a sound contention be developed that what the court said was improper. The jury had deliberated at most four hours and forty minutes in a felony case. *See Parks v. Town of Laurens*, 153 Iowa 567, 571, 133 N.W. 1054, 1055 (1912) (suggesting desirability of verdict); *German Savings Bank v. Citizens National Bank*, 101 Iowa 530, 547–48, 70 N.W. 769, 774 (1897) (similar). The court had authority to permit the jury to separate overnight. Rule 18(7)(*h*). As the court stated regarding the statement we previously quoted from *Johnston*, 221 Iowa at 945, 267 N.W. at 704, "We find nothing in the above statement made by the court that could in any way be prejudicial." A court's communication with a jury in the

absence of counsel and the defendant can in fact amount to harmless error, *Jackson v. Hutto*, 508 F.2d 890, 892 (8th Cir. 1975); *United States v. Schor*, 418 F.2d 26, 30 (2d Cir. 1969), and that is what we have here.

The distinguishable line of decisions defendant relies on involves a reasonable assumption that an exception by counsel before the court's communication was made would have halted or altered the communication.

In one case the jury sent the trial judge a note asking whether he would accept a verdict, "Guilty as charged with extreme mercy of the Court." The judge advised the jury, through the bailiff, that the answer was in the affirmative. Five minutes later the jury returned and this occurred:

The Court: We understand from the note you sent to the Court the verdict finds him guilty on all five counts but that you wish to recommend extreme mercy, is that correct?

The Foreman: Yes, Your Honor.

The court accepted the verdict and the defendant appealed. *Rogers v. United States*, 422 U.S. 35, 36–37, 95 S.Ct. 2091, 2093, 45 L.Ed.2d 1, 4–5 (1975).

The United States Supreme Court held that the facts strongly indicated the court's communication induced unanimity among the jurors, and that the court at the very least should have reminded the jury its recommendation would not be binding and the jury had no sentencing function. Thus the court should have involved counsel and the defendant before making any communication to the jury.

Another case in which the communication appeared to trigger the guilty verdict is *United States v. Benavides*, 549 F.2d 392, 393 (5th Cir. 1977).

We have no situation here analogous to *Rogers* or *Benavides*. We find no prejudice. The trial court properly overruled the motions for mistrial and new trial and imposed sentence.

AFFIRMED.