STATE of Iowa, Appellee,

v.

Byron GRIFFIN, Appellant.

No. 65125.

Supreme Court of Iowa.

Aug. 25, 1982.

Gary B. Garrison, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

Defendant was convicted of burglary in the first degree (sections 713.1, .2, The Code) and robbery in the second degree (sections 711.1, .3, The Code). On defendant's appeal, the Iowa Court of Appeals affirmed the judgments entered on those convictions. We granted further review, and we now vacate the opinion of the court of appeals, reverse the judgment of the trial court, and remand for a new trial.

Defendant presents the following two issues:

1. The trial court erred in communicating with the jury in the absence of defendant and defendant's counsel.

2. The trial court erred in allowing evidence of a prior felony to impeach defendant.

I. *The Jury Communication.*

Several hours into deliberation, the jury foreman sent the following written note to the trial judge:

What is the definition of physical injury as stated in instruction # 11, item 6? And how does it differ from the definition of assault as given in instruction # 19?

Without consulting the attorneys for either party, and outside the presence of defendant, the trial judge sent this written reply to the jury:

You will have to define the terms from the language given in the instructions and reconcile any definitions as best you can by reading the instructions.

Later, the jury returned its verdict of guilty on both charges.

In his subsequent motion for a new trial, the defendant claimed that the court's communication with the jury violated both Iowa R.Crim.P. 18(5)(g) and Iowa R.Crim.P.

25. Because we hold defendant is entitled to a new trial under rule 18(5)(g), we do not consider the alleged violation of Iowa rule 25. We set out rule 18(5)(g):

> Rule 18(5)(g)—*Report for Information.* After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or *if it desires to be informed on any point of law arising in the cause*, it must require the officer to conduct it into court, and, upon its being brought in, the information required may be given, at the discretion of the trial court. Where further information as to the testimony which was given at trial is taken by the jury, this shall be accomplished by the court reporter or other appropriate official reading from the reporter's notes. Where the court gives the jury additional instructions, this shall appear of record. *Provided, that the procedures described in this section shall take place in the presence of defendant and counsel for the defense and prosecution, unless such presence is waived.*

(Emphasis added). Defendant claims the trial court committed reversible error under this rule because the communications between court and jury already referred to were had without the presence of defendant and counsel and without any waiver by them. The trial court rejected defendant's argument because the exchange with the jury was not an "additional instruction" but simply directed the jury to examine the instructions already given. In affirming the judgments, the court of appeals relied on our holding in *State v. Dreessen*, 305 N.W.2d 438 (Iowa 1981), as controlling. We say more about *Dreessen* later.

We believe the trial court erred in holding rule 18(5)(g) applies only when an additional instruction is given. This, indeed, was true prior to 1979 under section 784.2, The Code (now repealed), which provided:

> After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, *the information re-*

*quired must be given as provided by law, in the presence of or after oral notice to the county attorney and defendant's counsel.*

(Emphasis added). In 1979, section 784.2 was repealed and the matter of jury-court communications is now covered by rule 18(5)(g), which made several significant changes in the law. The new rule grants the trial court considerably more discretion in granting or refusing a jury request. It also makes the presence of defendant and counsel at *all* procedures mandatory unless waived. The former rule required their presence only if additional information was given. The focus of the former statute was on the court's response; the emphasis of the new rule is on the jury's question. Thus cases decided before the adoption of rule 18(5)(g) are of little force in applying the new rule.

We agree with the State that the trial court gave no additional instruction in the present case, *see State v. Dvorsky*, 322 N.W.2d 62, 66 (Iowa 1982), and *State v. Dreessen*, 305 N.W.2d 438, 440 (Iowa 1981); but that is no longer determinative. We must decide whether the jury's request to be advised concerning several definitions in the instructions was an inquiry concerning a "point of law arising in the cause."

Apparently the jury was confused and wanted assistance in applying the instructions to the evidence. Their questions to the court asked for help concerning the definition of "physical injury" and "assault" as used in the instructions. "Physical injury" is one of the essential elements of burglary in the first degree; "assault" is an essential element of robbery in the second degree. Under these circumstances, it is clear the jury was asking for information on a point of law. *Cf. Snyder*, 223 N.W.2d 217, 220–21 (Iowa 1974) (jury confused on how to apply "specific intent" portion of assault instruction); *State v. Register*, 253 Iowa 495, 504, 112 N.W.2d 648, 651 (1962) (jury confused about larceny statute). Thus, these inquiries made rule 18(5)(g) applicable to the proceedings which followed.

According to that rule, the trial court has discretion whether, and to what extent, a jury inquiry should be answered; but it has no discretion in deciding whether defendant and counsel need be present. As we said in *Snyder*, 223 N.W.2d at 221, (quoting *Meece v. Commonwealth*, 78 Ky. 586, 592 (1880)):

[W]hen the jury, returning from their room, desire to be further instructed, the presence of the accused is of the greatest importance, as he may be able to suggest to the court or his counsel some information that would throw additional light on his defense. He should also be present that he may except to the ruling of the court.

Although in *Snyder* we were discussing an additional instruction, the reasoning is just as persuasive here. Cases from other jurisdictions support this. *Dixon v. State*, 605 P.2d 882, 887 (Alaska 1980); *Rodriquez v. State*, 385 So.2d 1019, 1019 (Fla.App.1980) (per curiam) (citing *Ivory v. State*, 351 So.2d 26, 28 (Fla.1977)); *State v. Pokini*, 55 Hawaii 640, 651–52, 526 P.2d 94, 105–06 (1974).

This brings us to a consideration of *State v. Dreessen* upon which the court of appeals relied. *Dreessen* and other cases like it are distinguishable. Although some of the language in *Dreessen* seems to support defendant's position, the holding in that case deals only with jury management, not with questions of law. The *Dreessen* jury was told only that it must continue deliberating. This did not raise a "point of law arising in the cause" and thus did not fall within the scope of rule 18. Such matters may be decided by the trial court without the presence of defendant or counsel. *See State v. Dvorsky*, 322 N.W.2d at 66.

We conclude the trial court erred in holding rule 18(5)(g) is applicable only if an additional instruction is given. We hold, too, the court of appeals erred in holding *State v. Dreessen* controls this case.

We must now decide if the error in violating rule 18(5)(g) is of such importance that defendant should have a new trial. In other words, did the error prejudice defendant's right to a fair trial and result in a verdict which might have been based on impermissible grounds.

■ Violation of the rule governing jury-court communications raises a presumption of prejudice and constitutes reversible error unless the record shows the contrary. *State v. Snyder*, 223 N.W.2d 217, 221–22 (Iowa 1974). The absence of prejudice may appear from the whole record and need not be established by evidence directed toward this specific point. *State v. McKee*, 312 N.W.2d 907, 915 (Iowa 1981); *State v. Dreessen*, 305 N.W.2d at 441.

In the present case we repeat what we have said on at least two prior occasions. It would be far better for trial courts to conduct all matters involving jury inquiry in the presence of the defendant and counsel, whether additional instructions are given or not. *McKee*, 312 N.W.2d at 915; *Dreessen*, 305 N.W.2d at 440. There is good reason for this practice. It provides an adequate record on appeal; it allows counsel an opportunity to argue for or against the giving of additional information to the jury; and it gives the parties, both the defendant and the State, notice of the jury's request which otherwise might go undisclosed.

We are convinced the record now before us dictates the granting of a new trial. Unlike *McKee*, this case raises serious questions concerning the effect of the jury's confusion over the meaning of crucial terms in the instructions. It could easily have influenced the result. We cannot say the record discloses any facts to overcome the presumption of prejudice beyond a reasonable doubt.

## II. *Impeachment by Prior Felony.*

■ Upon retrial this issue will undoubtedly arise again. Defendant argues that the trial court erred in ruling that evidence of Griffin's prior conviction for breaking and entering was admissible to impeach Griffin's testimony at trial. The court of appeals rejected this argument; and so do we.

In accordance with our holding in *State v. Martin*, 217 N.W.2d 536, 543 (Iowa 1974), the trial court conducted a pretrial hearing

on this question. The State presented the trial court with written records from the Polk County Clerk of Court's Office. These records reflected that in 1976, defendant had been convicted of breaking and entering a building with intent to commit a public offense, which was a violation of section 708.8, The Code 1975. The minutes attached to the trial information asserted defendant intended at the time of the break-in to commit theft. Based on this and also on defendant's admission of the prior crime, the trial court, over proper objection by defendant, ruled that the State could use this prior conviction to impeach defendant. Actually this matter was not reached because defendant admitted the prior felony conviction during his direct testimony. This, however, does not mean that defendant waived error. *State v. Jones*, 271 N.W.2d 761, 765 (Iowa 1978).

Defendant argues that the crime of breaking and entering does not itself involve dishonesty. In *State v. Williams*, 315 N.W.2d at 45, 53 (Iowa 1982) and *State v. Webb*, 309 N.W.2d 404, 413 (Iowa 1981) we held that a conviction for breaking and entering with intent to commit theft is a felony involving dishonesty. Thus, the only question remaining is defendant's alternative argument that the State failed to establish defendant's intent at the time of his prior crime.

In this case, the minutes of testimony came in without objection and were not contradicted. They recited the basic facts upon which defendant's conviction rested and upon which the trial court could find that defendant's prior crime involved intent to commit theft. *Cf. Williams*, 315 N.W.2d at 52–53 (counsel's professional statement may form basis for determining necessary element of prior conviction). Under the record in the present case, there was no error in permitting the State to use this prior conviction to impeach defendant.

III. For the reasons stated in Division I, we vacate the opinion of the court of appeals, reverse the judgment of the trial court, and remand the case for a new trial.

OPINION OF COURT OF APPEALS VACATED; TRIAL COURT JUDGMENT REVERSED AND CASE REMANDED FOR NEW TRIAL.