# IN THE COURT OF APPEALS OF IOWA

No. 17-1111
Filed June 6, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STACY DWAYNE KARR,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Washington County, Myron L. Gookin, Judge.

Stacy Karr appeals his conviction for possession of methamphetamine, third offense. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Stacy Karr appeals from his conviction of possession of methamphetamine–third offense, asserting there was insufficient evidence to support the conviction, the verdict was against the weight of the evidence, the district court erred by not including a jury instruction on "dominion and control," and the district court should have answered a jury question in the presence of Karr and his counsel. Because Karr's confession was corroborated by evidence seized by officers, the evidence was sufficient to support Karr's conviction. The district court did not abuse its discretion in denying Karr's motion for a new trial. Also, the district court did not err in declining to instruct the jury on "dominion and control" using the firearm instruction, and Karr failed to preserve error on his claim that the district court violated his constitutional right to be present at every stage of the proceedings when it answered a jury question.

## I. Background Facts and Proceedings

On January 22, 2016, Washington Police officers executed a search warrant at a residence in Washington. The initial warrant was approved to locate stolen property from a residential burglary. The residence did not belong to Karr. In executing the warrant, the officers located four people, including Karr. The officers located Karr and another individual in a bedroom, along with cash, methamphetamine, and some drug paraphernalia. Upon discovering drugs, the officers secured the residence and obtained another search warrant for the drugs and drug paraphernalia. The officers found a digital scale, a pack of cigarettes that contained methamphetamine, a glass pipe, and plastic bags or containers holding methamphetamine.

After securing the residence, Officer Brian VanWilligen advised Karr of his *Miranda* rights,[1] and Karr indicated he understood his rights. Karr stated he towed the homeowner's vehicle to a garage in Iowa City approximately one week prior to the search, and he stopped by to see the homeowner while he was in town on another errand. Officer VanWilligen asked Karr if he used methamphetamine prior to the execution of the search warrant and Karr responded that he had "taken one toot" from a meth pipe given to him by the homeowner.

The State charged Karr with possession of a controlled substance, methamphetamine–third offense, in violation of Iowa Code section 124.104(5) (2016). Following trial, a jury returned a guilty verdict. Karr filed a motion in arrest of judgment and for a new trial claiming the State failed to properly instruct the jury on dominion and control and, therefore, the State failed to prove he actually or constructively possessed methamphetamine. These motions were denied. Karr was sentenced to a five-year term of incarceration, with the sentence being suspended.

Karr appeals.

## II. Standard of Review

We review claims of sufficiency of the evidence for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We will "uphold a finding of guilt if 'substantial evidence' supports the verdict." *Id.* "'Substantial evidence' is evidence upon which a rational finder of fact could find a defendant guilty beyond a

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (requiring the police to advise suspects of their rights under the Fifth and Fourteenth Amendments before beginning a custodial interrogation).

reasonable doubt." *Id.* "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). We review jury instructions for corrections of errors at law. *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016).

### III. Sufficiency of the Evidence

Karr asserts there is insufficient evidence to support his conviction for possession of methamphetamine. He claims his statement that he had "taken one toot" is insufficient to show he had possession of methamphetamine because drugs were not found on his person, he was not asked to submit to drug testing, and any specific pipe he presumably used was not submitted for drug testing.

To establish possession of a controlled substance, the State must prove a defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). This may be established through actual or constructive possession. *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (citation omitted). Actual possession requires the contraband to be found on the defendant's person or that "substantial evidence supports a finding it was on his or her person *at one time*." *Thomas*, 847 N.W.2d at 442 (emphasis added) (quotation omitted). "In other words, '[a]ctual possession may be shown by direct or circumstantial evidence.'" *Id.* (quoting *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)).

Karr stated to Officer VanWilligen that he had "taken one toot" of methamphetamine given to him by the homeowner. In Officer VanWilligen's

fourteen years of experience in law enforcement, he had heard the term "taken one toot" before and knew it meant Karr "smoked from a methamphetamine pipe." Yet, a general confession by the accused standing alone will not warrant a criminal conviction unless other proof shows the defendant committed the crime. Iowa R. Crim. P. 2.21(4); *State v. Polly*, 657 N.W.2d 462, 466 (Iowa 2003).

Karr's confession that he had smoked and thereby possessed methamphetamine is corroborated by evidence seized during the execution of the search warrant. In the room where officers located Karr, the officers found plastic bags or containers that tested positive for methamphetamine. Furthermore, the officers found a glass plate that contained a white substance and glass pipes that appeared to have some burnt residue, indicating they had been used. All of this evidence corroborated Karr's statement he possessed and had "taken one toot" of, or smoked, methamphetamine.

Upon our review of the record, there is sufficient corroborating evidence to support Karr's statement he smoked and therefore possessed methamphetamine. Accordingly, we find there is substantial evidence to support Karr's conviction for possession of a controlled substance, methamphetamine–third offense because Karr possessed methamphetamine "at one time." *Thomas*, 847 N.W.2d at 442.

## IV. Weight of the Evidence

Karr next claims the weight of the evidence does not support the jury's verdict and the district court abused its discretion in denying his motion for a new trial. A motion for a new trial based on the weight of the evidence will be granted if the district court determines the verdict is contrary to the weight of the evidence and a miscarriage of justice has occurred. *State v. Maxwell*, 743 N.W.2d 185, 193

(Iowa 2008). "The weight-of-the-evidence analysis is much broader than a sufficiency-of-the-evidence analysis in that 'it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other.'" *Id.* (quoting *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006)). A district court should overturn a jury's verdict only in extraordinary cases where the evidence preponderates heavily against the verdict. *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006).

In its ruling on Karr's motion for a new trial, the district court considered Karr's admission, the evidence found in the bedroom where officers located Karr, and the credibility of the State's witnesses. After considering such evidence, the district court found the evidence did not preponderate heavily against the jury's verdict. Upon our review of the record, we agree and find the district court did not abuse its discretion in denying Karr's motion for a new trial.

## V. Jury Instruction

Karr next contends the district court erred in failing to provide his requested jury instruction. "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala*, 880 N.W.2d at 707 (citation omitted). Regarding possession, the jury was instructed:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
> A person who has direct physical control over a thing on his person is in actual possession of it.
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere

> presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> Whenever the word "possession" is used in these instructions, it includes actual as well as constructive possession and sole as well as joint possession.

See Iowa Crim. Jury Instructions 200.47. Karr asserts the district court erred when it declined to include the instruction for dominion and control of a firearm, but with substituting "controlled substance" for "firearm." See Iowa Crim. Jury Instructions 2400.9.[2] The State asserts additional definitions of terms found in the jury instructions were unnecessary and Karr's proposed substituted language in instruction 2400.9 would confuse the jury. Viewing the instructions the district court provided to the jury, we find they fairly state the law as applied to the facts of the case. The instructions given to the jury sufficiently provided what is required for a person to be in "possession." In addition, the instruction requested by Karr falls under Iowa Criminal Jury Instructions chapter 2400, entitled weapons. Because Karr did not face a weapons charge, Iowa Criminal Jury Instruction 2400.9 is not applicable and is not made applicable after any language manipulation or substitution. Accordingly, the district court did not err in declining to instruct the jury using the firearm instruction.

---

[2] "'Dominion and control' means ownership or right to the [firearm] [offensive weapon] and the power or authority to manage, regulate or oversee its use." Iowa Crim. Jury Instructions 2400.9.

### VI. Jury Question

Karr's final claim is that the district court violated his constitutional right to be present during every stage of the trial when it answered a jury question outside his presence.[3] *See State v. Shorter*, 893 N.W.2d 65, 83 (Iowa 2017) (noting a criminal defendant has the right to be personally present at every stage of the trial). "When the rule is violated, prejudice is presumed unless the record shows to the contrary." *Id.* (citing *State v. Griffin*, 323 N.W.2d 198, 201 (Iowa 1982)). The State argues Karr failed to preserve error on this issue and also does not raise the issue as an ineffective-assistance-of-counsel claim.

"To preserve error for appeal, generally, defendants challenging a guilty plea must file a motion in arrest of judgment prior to sentencing." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Karr cannot point to any objection he may have made involving the jury question and the court's answer, and we note there was no record made of this proceeding. Only a written record of the question and answer was produced for the record. Although Karr filed a motion in arrest of judgment, he did not challenge any procedure regarding how the district court answered the jury's question. Because Karr failed to object during the trial, did not assert this claim in his motion in arrest of judgment and does not also raise the issue as an ineffective-assistance-of-counsel claim, he has failed to preserve error on this issue.

---

[3] The jury asked, "Is Officer [Van]Willigan's account in court of [Karr's] confession [to] be considered testimony, a confession, or testimony of a confession?" The court replied, "In response to your question, please carefully review Instructions 8 and 9."

**VII.    Conclusion**

Because Karr's confession was corroborated by evidence seized by officers, the evidence was sufficient to support Karr's conviction.  The district court did not abuse its discretion in denying Karr's motion for a new trial.  Also, the district court did not err in declining to instruct the jury on "dominion and control" using the firearm instruction.

**AFFIRMED.**