**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Isobel PRINCE and Raymond Pandelli,**
**Defendants-Appellants.**

**Nos. 75–1751, 75–1752.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 18, 1975.

Decided Feb. 11, 1976.

Rehearing Denied April 15, 1976.

---

1. The statute was again amended in 1962 (P.L. 87–796, 76 Stat. 904) without material change. The word "inside" was retained.

Thomas A. Livingston, Dennis J. Clark, Pittsburgh, Pa., for Prince.

Donald N. Krosin (Federal Public Defenders Office), Cleveland, Ohio, for Pandelli.

Fredrick M. Coleman, U. S. Atty., Cleveland, Ohio, Terence M. Brown, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

LIVELY, Circuit Judge.

The defendants-appellants appeal their jury convictions of traveling (and causing another to travel) in interstate commerce to promote an unlawful activity (prostitution), and of conspiring to do so, and as aiders and abettors, all in violation of 18 U.S.C. §§ 1952 (Interstate Travel Act), 371 and 2. Pandelli was also convicted of violating the Mann Act, 18 U.S.C. § 2421, and Prince was acquitted of a Mann Act charge.

■ The defendant Pandelli was convicted on a total of ten counts, five for violation of 18 U.S.C. § 1952, four for violation of 18 U.S.C. § 2421 and one count of conspiracy. He was sentenced to one year on each of the ten counts, the sentences to run consecutively. An examination of the record and transcript reveals sufficient evidence to sustain the conviction of the defendant Pandelli on each of the counts. This finding does not depend on evidence of his dealings with Prince alone. There was evidence of other transactions in which Pandelli was directly involved in the interstate transportation of women for prostitution and distribution of the proceeds thereof together with other co-conspirators, both indicted and unindicted. On appeal he complains that the court permitted the introduction of prejudicial testimony by the witness Burchill which had little or no relevance to the charges on which he was being tried. In the entire setting of this case we find no error in the admission of the evidence complained of. Pandelli also contends that the consecutive sentences resulted in his being punished twice for the same acts since evidence of the same activities was introduced to support his convictions for violating both Acts. An examination of the two Acts under which Pandelli was convicted reveals that in order to sustain his conviction under each it was necessary that the prosecution prove a fact which was not required for conviction under the other. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court stated:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. 284 U.S. at 304, 52 S.Ct. at 182 (citations omitted).

Under this test Pandelli was convicted of two separate offenses and the consecutive sentences did not result in his being twice punished for the same acts.

■ The defendant Prince was convicted of a charge that she and Pandelli caused a named woman to travel in interstate commerce with the intent to promote prostitution in violation of federal and state law and to distribute the proceeds of that activity, in violation of 18 U.S.C. §§ 1952 and 2; and of conspiring with others, including Pandelli, to engage in violation of the Mann Act and the Travel Act. She was acquitted of the substantive charge of transporting the same woman in interstate commerce for the purpose of prostitution in violation of the Mann Act. We find no merit in the contentions of Prince that the instant prosecution violated her constitutional right to be free from double jeopardy because of a conviction in a federal court in Florida; that she had a consti-

tutional right to be tried in West Virginia since the only evidence against her related to events which occurred in that state; that the district court abused its discretion in refusing to sever her trial from that of the other defendants, resulting in prejudice to her; and, that the West Virginia statutes prohibiting prostitution are discriminatory on the basis of sex in violation of the Fourteenth Amendment.

■ Prince also argues that there was insufficient evidence that she either conspired to violate the laws as charged in the indictment or that she caused a woman to travel in interstate commerce with intent to promote prostitution and distribute the proceeds thereof. It is clear that if there was a conspiracy to violate the Travel Act, this conspiracy did not end prior to Prince's involvement. The Act itself requires proof of performance or an attempt to perform one or more of the proscribed activities subsequent to the interstate activity. There was proof of distribution of the proceeds of the prostitution activities of the woman procured for Prince's operation by Pandelli. However, Prince was not shown by the evidence to have been outside West Virginia or to have had knowledge or reason to know that any woman who worked in her establishment had been transported from another state. Likewise, this defendant was not shown to have used any interstate facilities in carrying on prostitution activities within West Virginia. Prince relies primarily on this court's decision in *United States v. Barnes,* 383 F.2d 287 (1967), *cert. denied,* 389 U.S. 1040, 88 S.Ct. 780, 19 L.Ed.2d 831 (1968), for the proposition that one who is shown to have violated a local law may not be convicted of violating the Travel Act, or conspiring to do so, without proof of direct agreement to illegal interstate transportation or proof of an indirect agreement evidenced by substantial participation in an unlawful scheme with actual knowledge of illegal interstate transportation.

The Government argues that the decision of the Supreme Court in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), requires that we reexamine and overrule *Barnes.* In *Feola* the Supreme Court dealt with the question of whether a defendant charged with a federal offense must have knowledge of those facts which only support federal jurisdiction. In upholding a conviction for conspiracy to assault a federal officer while in the performance of his duties, the Court held that it was not necessary to prove that the defendant knew that his victim was a federal officer. In summarizing its decision the Court stated the general rule ". . . that where knowledge of the facts giving rise to federal jurisdiction is not necessary for conviction of a substantive offense embodying a *mens rea* requirement, such knowledge is equally irrelevant to questions of responsibility for conspiracy to commit that offense." *Id.* at 696, 95 S.Ct. at 1269.

In *United States v. LeFaivre,* 507 F.2d 1288 (4th Cir. 1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975), the requirement of interstate activity for conviction under the Travel Act was treated as a "jurisdictional peg," knowledge of which need not be proven. *Id.* at 1297 n. 14. It was held that proof of an intent to engage in an "unlawful activity" as defined in Section 1952(b) is sufficient for conviction and that "[t]he use of interstate facilities is not a crime requiring an additional *mens rea* beyond that required for participation in the gambling activity itself; . . . ." *Id.* at 1298. The same reasoning was applied to a charge of conspiracy to violate the Travel Act. Thus the convictions as aiders and abettors and conspirators of persons involved in purely intrastate activities of a gambling operation which employed interstate facilities were affirmed even though they were not shown to have knowledge of the related interstate activities.

■ We are not persuaded, however, that *Feola* requires us to overrule *Barnes.* The Travel Act does not make it a federal offense to engage in prostitution, an activity which is illegal under

State law. It provides an additional string to the law enforcement bow, however, by providing that "[w]hoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce . . . *with intent . . .*" to engage in enumerated types of unlawful activity including prostitution may be punished thereunder. 18 U.S.C. § 1952(a) (emphasis added). In dealing with this Act we stated in *United States v. Gebhart,* 441 F.2d 1261 (6th Cir.), *cert. denied,* 404 U.S. 855, 92 S.Ct. 97, 30 L.Ed. 2d 96 (1971) that—

> To successfully prosecute one under the above statutory provision, the United States must prove the following elements: (1) that the accused voluntarily traveled in interstate commerce or used the facilities of interstate commerce; (2) that he attempted to or did in fact promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of any one of certain statutorily defined activities; and (3) that the accused formed a specific intent to promote, manage, establish, carry on or facilitate one of the prohibited activities. 441 F.2d at 1263.

We believe the language of Section 1952 compels this conclusion. In *Feola* the Supreme Court was construing a statute which made the performance of an act a federal offense without any requirement of intent separate from that which led to the act itself (the assault of another person). Its federal character depended upon the identity of the victim, whether known or unknown to the assailant. On the other hand, the Travel Act only reaches those who engage in interstate activities *with intent* to perform other illegal acts. Thus there is a requirement of a separate intent related to the use of interstate facilities which is different from the intent required to commit the underlying State offense. So far as this record shows the defendant Prince was nothing more than the madam of a house of prostitution in West Virginia. The Travel Act is not written so broadly as to subject such a person to federal prosecution. *Compare Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).

■ Since Pandelli was shown to have actually caused a woman to travel from Ohio to West Virginia for the purpose of engaging in prostitution, it was immaterial whether or not he had actual knowledge of the jurisdictional element. The act coupled with the intent was sufficient. However, since Prince was not shown either to have traveled interstate or used interstate facilities, her strictly intrastate activities could not be held to constitute a violation of the Travel Act in the absence of a showing that she knew or reasonably should have known of Pandelli's interstate activities. *See United States v. Barnes, supra,* 383 F.2d at 292.

In *Feola* the defendant urged that the Government was required to "show a degree of criminal intent in the conspiracy count greater than is necessary to convict for the substantive offense; . . . ." 420 U.S. at 686, 95 S.Ct. at 1265. This argument was rejected, but the rule was reaffirmed that "in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." *Id.* (citations omitted). Since that degree of criminal intent necessary for the substantive offense was not proven, the convictions of Prince both for violating the Travel Act and conspiring to do so must be reversed.

■ Nor may Prince's conviction be upheld as an aider and abettor. An aiding and abetting charge requires proof of a "specific intent to facilitate the commission of a crime by another." *United States v. Bryant,* 461 F.2d 912, 920 (6th Cir. 1972). In the absence of proof that Prince had knowledge of Pandelli's violations of the Travel Act, she cannot be held for aiding and abetting him in the violation thereof.

The judgment of the district court is affirmed as to the defendant Pandelli and reversed as to the defendant Prince.