UNITED STATES of America, Appellee,

v.

Ronald Steven TWO BULLS a/k/a Ron Two Bulls, Appellant.

No. 77–1994.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1978.

Decided June 12, 1978.

Rehearing Denied July 7, 1978.

Terry L. Pechota, Mission, S. D., argued and filed briefs, for appellant.

Jeffrey L. Viken, Asst. U. S. Atty., Sioux Falls, S. D., argued, and David V. Vrooman, U. S. Atty. and Jeffrey L. Viken, Sioux Falls, S. D., on brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.[*]

PER CURIAM.

Ronald Steven Two Bulls appeals his jury conviction for fourth degree burglary in violation of the Indian Crimes Act of 1976, 18 U.S.C. § 1153 (1976). We affirm.

The record establishes that on January 30, 1977, three persons broke into and vandalized a dwelling house occupied by Joe Bettelyoun and Francis Richards. The Government's case against Two Bulls rested primarily on the identification testimony of the two victims and on an admission that Two Bulls allegedly had given to a law enforcement officer of the Bureau of Indian Affairs (BIA). Two Bulls stipulated that he was an Indian and that the alleged crime occurred in Indian country, two jurisdictional requirements under section 1153, but he denied participating in the offense.

The Government indicted Two Bulls for first degree burglary under South Dakota Compiled Laws § 22–32–1 (1967), which is incorporated into federal law by 18 U.S.C. § 1153.[1] At the close of the testimony, the trial judge [2] directed a verdict of acquittal on the first degree burglary charge and submitted the case to the jury on charges of third and fourth degree burglary as lesser included offenses. He refused defense counsel's request to submit the case on a misdemeanor charge of "entry of other enclosures" as a lesser included offense. The jury convicted Two Bulls on the charge of fourth degree burglary and the judge sentenced him to three years' imprisonment.

### I.  The Incriminating Statement.

Ken Morsette, an investigator for the BIA went to Two Bulls' residence to investigate the break-in of Joe Bettelyoun's house. He was accompanied by two FBI agents and other BIA investigators. The FBI agents gave Two Bulls his *Miranda* warnings. Two Bulls refused to make any statement and the two FBI agents left his home. However, Morsette and his two BIA associates remained, making small talk. According to Morsette, after approximately twenty minutes, Two Bulls volunteered the following information:

> I was drunk and out of my head; I don't really know what happened; I am responsible; I was pissed off and I went over to Joe Bettelyoun's house. I would admit everything, but nothing was done about what happened to me earlier. I went to tribal court and signed a complaint against Buzzy Poor Thunder, and that bunch, but nothing was done.

This testimony was admitted into evidence at trial over objection by Two Bulls.

Prior to the introduction of this evidence, an FBI agent testified that he had given *Miranda* warnings to Two Bulls, who responded that he declined to make any statement. The district court rejected Two Bulls' objection to the introduction of that testimony and denied the subsequent mistrial motion.

---

* TALBOT SMITH, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Section 1153 provides in part:
    As used in this section, the offenses of burglary and incest shall be defined and pun-

ished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

2. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

■ On appeal, Two Bulls argues that the trial court erred in admitting the inculpatory statement made to Morsette because the Government failed to prove by a preponderance of the evidence that the statement was voluntary. After reviewing the record, we conclude that the evidence supports the trial court's finding that the statement was voluntary.

■ Two Bulls further argues that the trial court erred in admitting the testimony regarding his initial refusal to give any statement. It is well established that the refusal of a suspect to give a statement does not constitute admissible evidence. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Reid v. Riddle*, 550 F.2d 1003 (4th Cir. 1977). Accordingly, the detailed conversation relating to *Miranda* warnings ordinarily ought not be admitted into evidence if no statement is given. In certain atypical situations, however, such evidence is admissible. *See, e. g., United States v. Fairchild*, 505 F.2d 1378, 1382–83 (5th Cir. 1975). The instant case presents an atypical situation because a later inculpatory statement was properly admitted into evidence.

■ From the beginning, Two Bulls sought to keep the challenged inculpatory statement out of evidence. Prior to trial, he made a motion to suppress the statement as involuntary. The district court conducted a hearing on this motion and determined that the statement was voluntarily made. Under 18 U.S.C. § 3501(a) (1976), after the judge determines that an admission was made voluntarily, the jury may hear evidence on the question of voluntariness to enable it to determine what weight should be given the admission. Thus, the issue of

voluntariness continued throughout the trial. Because the knowing exercise of the privilege to remain silent may refute an inference that a later statement was involuntary, the trial court did not err in admitting Morsette's testimony concerning Two Bulls' temporary silence following the *Miranda* warnings.

## II. *Validity of the Indictment.*

Two Bulls attacks the validity of the indictment, claiming that the statute on which the charge was based is unconstitutional. The indictment charged him with first degree burglary under South Dakota Compiled Laws § 22–32–1 (1967).[3] The penalty for first degree burglary is "imprisonment in the state penitentiary for any term not less than ten years." S.D.C.L. § 22–32–2 (1967). Two Bulls argues that the statute is unconstitutional because it fails to set a maximum term of imprisonment.

In denying a motion to dismiss the indictment, the district court expressed an understanding that sections 22–32–1 and 22–32–2 must be read in conjunction with section 22–6–6, which sets life imprisonment as the maximum sentence when "no limit to the duration of such imprisonment is declared."

■ We are bound to give great weight to the district court's construction of the state law. *Smith v. Nick's Catering Service*, 549 F.2d 1194 (8th Cir. 1977). We therefore adopt the interpretation that the statute when read in connection with section 22–6–6 contains both minimum and maximum penalties.

■ Moreover, Two Bulls was not prejudiced by any error that may have occurred in the indictment based on section 22–32–1, for he was not convicted under that statute.

---

**3.** Section 22–32–1 reads:

*Burglary in first degree defined.*—Every person is guilty of burglary in the first degree who breaks into and enters in the nighttime the dwelling house of another in which there is at the time some human being, with intent to commit some crime therein:

(1) By forcibly bursting or breaking the wall or an outer door, window, or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter;

(2) By breaking in in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or

(3) By unlocking an outer door by means of false keys or by picking the lock thereof.

The district court submitted the case to the jury only on the lesser included offenses of third and fourth degree burglary, and South Dakota law sets maximum terms for both offenses. *See* S.D.C.L. §§ 22–32–10, 22–32–13 (1967).

### III. *Lesser Included Offenses.*

Two Bulls contends that third and fourth degree burglary, S.D.C.L. §§ 22–32–8, 22–32–11 (1967),[4] are not lesser included offenses of first degree burglary. He was indicted for only first degree burglary. Therefore, he argues, the district court lacked jurisdiction over the third and fourth degree charges.

■ The Supreme Court of South Dakota set forth the standard for judging lesser included offenses in *State v. Barber*, 83 S.D. 289, 158 N.W.2d 870, 871 (1968):

If, in the commission of acts made unlawful by one statute the offender must always violate another, the one offense is necessarily included in the other. Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. [Citations omitted.]

An analysis of the distinctions between the elements of the three offenses demonstrates that third and fourth degree burglary are indeed lesser included offenses of first degree burglary: one who "breaks and enters" a building (first and fourth degrees) necessarily "breaks into" the building (third degree); one who enters at nighttime (first and third degrees) necessarily enters at "any time" (fourth degree); one who enters "the dwelling house of another" (first and fourth degrees) necessarily enters a "dwelling house" (third degree). Thus, we reject Two Bulls' contention that third or fourth burglary fell outside the scope of the indictment.

■ In the alternative, Two Bulls argues that the misdemeanor "entry of other enclosures," S.D.C.L. § 22–32–16 (1967), is a lesser included offense of fourth degree burglary and that the district court erred in not submitting that charge to the jury.[5] A crucial element of burglary is breaking and entering. Section 22–32–16 relates only to entry of a building "under circumstances not amounting to any burglary." Thus, section 22–32–16 and burglary are mutually exclusive offenses, and the former cannot be a lesser included offense of the latter. *Cf. United States v. Young*, 488 F.2d 1211, 1213 (8th Cir. 1973) (section 22–32–16 not a lesser included offense of section 22–32–9).

### IV. *Other Issues.*

Two Bulls contends that the district court erred in instructing the jury regarding the court's jurisdiction over the crime and in instructing upon the elements of fourth degree burglary. The court merely recited that counsel for the defendant and counsel for the Government had agreed to the facts that the defendant is an Indian and that the alleged offense was committed in Indian country. The jury retained the responsibility of determining whether the essential elements of each offense were present. Moreover, the record demonstrates that the court adequately instructed the jury on the elements of the fourth degree burglary charge.

---

4. Section 22–32–8 reads:
   *Burglary in third degree.—Nighttime entry not constituting first degree burglary.—A* person breaking into any dwelling house in the nighttime with intent to commit a crime but under such circumstances as do not constitute burglary in the first degree, is guilty of burglary in the third degree.
   Section 22–32–11 reads:
   *Burglary in fourth degree.—Entry of dwelling house not constituting other burglary.* —Every person who breaks and enters the dwelling house of another at any time in such manner as not to constitute burglary as otherwise specified in this chapter with intent to commit a crime is guilty of burglary in the fourth degree.

5. Section 22–32–16 reads:
   *Entry of other enclosures—Misdemeanor.* —Every person who under circumstances not amounting to any burglary enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit felony, larceny, or malicious mischief, is guilty of a misdemeanor.

■ Two Bulls further contends that the trial court erred in refusing to admit into evidence testimony showing that fights, brawls, and other similar conduct had frequently occurred in the Bettelyoun house prior to the time of the incident in question. Upon our review of the record, we concluded that the court's ruling was neither improper nor prejudicial, as this evidence was not relevant to the issues on trial.

■ Finally, Two Bulls contends that the jury's verdict of guilty of fourth degree burglary is inconsistent with the trial court's determination to direct a verdict of dismissal in first degree burglary and the jury's rejection of third degree burglary. The alleged inconsistency is not grounds for reversal so long as the evidence supports the verdict returned by the jury. We have reviewed the record and find that the evidence supports the jury verdict.

Accordingly, we affirm.