**UNITED STATES of America, Appellee,**

v.

**Donald E. ROBERTSON, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Ronnie LITTLE, Appellant.**

**Nos. 78–1432, 78–1462.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1978.

Decided Nov. 20, 1978.

Rehearing and Rehearing En Banc
Denied Jan. 23, 1979.

Philip G. Kaplan, St. Louis, Mo., for appellant Robertson; Blumenfeld, Kalishman, Marx, Tureen & Paster, St. Louis, Mo., on brief.

Roy A. Walther of Crouppen, Walther, Swibelman & Walsh, St. Louis, Mo., for appellant Little.

David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

■ Defendants Ronnie Little and Donald E. Robertson appeal from convictions under a two-count indictment. Defendants were convicted on Count I of violating 18 U.S.C. § 2314 by transporting in interstate commerce various stolen goods with a value of more than $5,000, knowing the goods to have been stolen, and on Count II of conspiring to transport the same goods in violation of 18 U.S.C. § 371.[1]

The evidence produced at trial disclosed that the defendants, along with coconspirators Charles and Ralph Axelson and Boyd Hicks, broke into a John Deere farm equipment sales and service store, William Nobbe & Company, located in Waterloo, Illinois, late in the evening of June 25, 1975, or early in the morning of June 26, 1975. Various merchandise including lawnmowers, bicycles and mechanics' tools were stolen and transported to St. Louis, Missouri, where they were unloaded and stored at the home of Little. The primary damaging testimony

---

1. Defendant Robertson received a sentence of five years on Count I and a concurrent two-year sentence on Count II. Defendant Little received a sentence of seven years on Count I and a concurrent two-year sentence on Count II. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, presided at the jury trial.

was elicited from coconspirators Charles and Ralph Axelson. In return for their testimony they received immunity from prosecution on these charges and the United States Attorney wrote a letter to the parole board in El Reno, Oklahoma, where they were incarcerated on other convictions, explaining that they had cooperated in the prosecution of the defendants in this case.

On this appeal both defendants argue five identical issues and Little raises two additional claims of error.[2] Initially both defendants contend that the district court should have granted their motions to dismiss because of pre-indictment delay. The crimes occurred approximately 34 months before the indictment. The uncontroverted statement of the government is that the first information about the crime implicating the defendants was received on September 23, 1976, approximately 15 months after the crime. On November 6, 1976, the government was able to confirm some of the information. Active investigation of the case continued until March 1, 1977. At that time the government concluded it was necessary to secure the cooperation of the Axelsons in order to convict the defendants. This cooperation was finally achieved on March 22, 1978. Sixteen days later the defendants were indicted.

■ Neither the time during which the government was completely unaware of the defendants' involvement in the crime, nor the period of active investigation by the government, should be considered in support of a pre-indictment delay claim. *See United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Thus, only 16 days of the elapsed time are unaccounted for. This is not an impermissible delay. Moreover, no specific incident of prejudice resulting from the delay is even alleged by the defendants. *Compare United States v. Naftalin,* 534 F.2d 770 (8th Cir.), *cert. denied,* 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 89 (1976), *with United States v.*

*Barket,* 530 F.2d 189 (8th Cir.), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976). ·*See generally* Preindictment Delay in the Eighth Circuit, 26 Drake L.Rev. 110 (1978).

■ The next issue raised by the defendants is that the district court erred in not granting their motions for severance of the offenses and for separate trials for the defendants. The defendants filed pretrial motions requesting severance and they were denied. The motions were not renewed at the end of the government's evidence nor at the conclusion of all of the evidence. Therefore, the defendants have waived the right to assert the severance issue. *United States v. Pelton,* 578 F.2d 701, 711 (8th Cir. 1978). Moreover, examination of the record fails to disclose any prejudice to the defendants as a result of the joinder of offenses and defendants.

■ Another claim of error asserted by both defendants is the admission into evidence of government's Exhibit 1. Exhibit 1 is a list of the merchandise shipped to William Nobbe & Company from John Deere Company. Also included in the Exhibit is a column specifying the cost of each item to William Nobbe & Company. Another column labeled "Out of Stock" was usually filled out when an item was sold. In Exhibit 1 this column contains the notation "stolen" in connection with several items. These notations were apparently made by the insurance adjustor to indicate merchandise which had been received by William Nobbe & Company and which could not be accounted for after the burglary. It was error to admit Exhibit 1 into evidence in its entirety because the notation "stolen" was not entered on Exhibit 1 in the ordinary course of William Nobbe & Company's business. *See Hiram Ricker & Sons v. Students Int'l Meditation Soc'y,* 501 F.2d 550, 554 (1st Cir. 1974); *Picker X–Ray Corp. v. Frerker,* 405 F.2d 916, 922–24 (8th Cir. 1969); *Wil-*

---

**2.** Little listed three other arguments in his brief under "Issues Presented for Review," but did not argue them, either in the brief or during oral argument. We consider these issues to have been waived. In any event, the additional

charges of court error in overruling the motion for bill of particulars, motion for production of witnesses prior to trial, and motion for records of grand jury vote are not demonstrated to be worthy of further consideration.

*liams v. United States*, 323 F.2d 90, 95 (10th Cir. 1963); *Hartzog v. United States*, 217 F.2d 706, 709–10 (4th Cir. 1954); Fed.R. Evid. 803(6). *Compare Cullen v. United States*, 408 F.2d 1178, 1179–80 (8th Cir. 1969). However, the Exhibit was admissible in all other respects as a record kept in the regular course of business. It was admissible to show the items which John Deere Company had shipped to William Nobbe & Company. It also provided evidence of which items were on hand as of June 25, 1975, and their value.

■ The defendants contend that their convictions should be reversed because Exhibit 1 provided the only evidence that the value of the goods exceeded $5,000, as is required by the statute. We conclude, however, that the error was not prejudicial to the defendants. Robert Nobbe, a part-owner of William Nobbe & Company, was allowed without objection to use Exhibit 1 as an aid in his testimony concerning what merchandise was stolen and its value. In response to the prosecuting attorney's question, "Have you been able to establish a total value for the items taken?" Nobbe responded, "Somewhere over $14,000." In addition, defendants' counsel used Exhibit 1 in their cross-examination of Nobbe. The only objection to Exhibit 1 came when the government introduced Exhibit 1 into evidence at the end of its case. At that time admission of the Exhibit was only cumulative and non-prejudicial. Nobbe had earlier testified that $4,000 worth of mechanics' tools not included in the Exhibit had been stolen, and in their testimony coconspirators Charles and Ralph Axelson had described the stolen property. The description of the stolen property corresponded with items listed in Exhibit 1 with a total value well in excess of $5,000. Charles Axelson stated that they took four riding lawnmowers, a number of power tools, tool chests, garden hoses, lawn trimming equipment, push lawnmowers and bicycles. Ralph Axelson similarly testified that they stole garden tractors, lawnmowers, bicycles, garden hoses, tools, and a variety of other things. Under all the circumstances we are satisfied that there was sufficient evidence from

which the jury could properly find that the total value of the stolen goods exceeded $5,000.

■ At trial the defendants objected to all of the court's instructions on conspiracy. On this appeal the defendants only contest the instruction which defined conspiracy as "a combination or agreement of two or more persons to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means." Defendants argue that instead of "of," the district court, in its instruction, should have used the word "among" to convey to the jury that there must be an actual meeting of the minds of the participants in a conspiracy. This argument ignores the fact that when the conspiracy instructions are considered as a whole it is clear that the jury was informed that to find a conspiracy they must find that the defendants had a mutual understanding to try to accomplish a common and unlawful plan. The court's instructions properly defined conspiracy. *See* 2 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions § 27.04 (3d ed. 1977).

The final issue raised by both defendants is that the district court erred in denying their motions for acquittal at the end of the government's case and at the close of all the evidence. The basis for this argument is that the convictions rest upon the erroneous admission of Exhibit 1 and the obviously untruthful testimony of Charles and Ralph Axelson. The defendants' claim with respect to Exhibit 1 has been discussed, *supra*, and will not be restated here. In support of their claim that the testimony by the Axelsons was insufficient to support a conviction, the defendants point out various inconsistencies in their testimony concerning details of the burglary. The defendants fail to mention the far greater similarities in the Axelsons' testimony concerning the major aspects of the burglary which occurred almost three years prior to trial and the fact that some of their testimony was corroborated by other witnesses. The inconsistencies in the Axelsons' testimony and their motives to testify falsely were vigor-

ously argued to the jury by defendants' counsel. The jury resolved the matter of credibility of the witnesses against the defendants and the jury's determination will not be overturned by this court on appeal. *See, e. g., Hodgdon v. United States,* 365 F.2d 679, 685–86 (8th Cir.), *cert. denied,* 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1966).

Two additional issues are raised by defendant Little on this appeal. First, he claims that the court's instruction on reasonable doubt was in error. This contention is without merit. The identical instruction was approved by this court in *United States v. Knight,* 547 F.2d 75, 77 (8th Cir. 1976). Second, he argues that the court should have dismissed the indictment because it was deficient in several respects. We have considered each of Little's claims and are satisfied that the district court properly denied his motion to dismiss the indictment.

After a careful examination of the record we are convinced that the defendants received a fair trial and the convictions should be affirmed.

Affirmed.