959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abner LEVENSON, Defendant-Appellant.
 No. 91-5877.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Defendant appeals from his conviction and sentence on charges of conspiracy, mail fraud, and intimidating and threatening a witness. For the reasons that follow, we affirm.
 
 I.
 
 2
 This case involves the failed attempt to collect insurance money on a New Jersey pleasure boat falsely reported as stolen. Defendant Abner Levenson was indicted on the counts of conspiracy to defraud, mail fraud, aiding and abetting mail fraud and intimidating and threatening a witness. A plea of not guilty was entered. The jury returned a verdict of guilty on all four counts of the indictment. Levenson was sentenced to forty-two months on each count, served concurrently, and two years supervised release.
 
 II.
 
 3
 Defendant sets forth five assignments of error with respect to his conviction and sentence. First, it is asserted that the trial court erred in admitting expert testimony regarding mafia customs. Second, it is asserted that the trial court erred in denying the motion for mistrial because of pretrial publicity. Third, it is argued that the trial court lacked venue for the witness intimidation charge alleged in Count 4. Fourth, defendant contends that the trial court erred in giving a two level increase for obstruction of justice pursuant to United States Sentencing Guideline § 3C1.1. Finally, defendant asserts that the court's eight level increase pursuant to United States Sentencing Guideline § 2J1.2(b)(1) was improper.
 
 A.
 
 4
 The decision to allow an expert witness to testify is within the discretion of the trial judge and will not be reversed on appeal unless there is an abuse of discretion. United States v. DeClue, 899 F.2d 1465, 1473 (6th Cir.1990).
 
 
 5
 In this case, the government sought to introduce testimony regarding mafia customs to explain the secondary meaning of a kiss on the forehead. The trial court allowed the expert witness to testify, but limited his testimony to his qualifications as an expert witness and the significance of a kiss in mafia custom.
 
 
 6
 We are satisfied that the information testified to is outside the expectable realm of the average juror and that its admission assisted the trier of fact. The trial court's decision to admit the testimony was not an abuse of discretion. See e.g., United States v. Daly, 842 F.2d 1380, 1387-88 (2nd Cir.1988), cert. denied, 488 U.S. 821 (1988).
 
 B.
 
 7
 The defendant argues that the trial court erred in denying the motion for mistrial because of pretrial publicity. Specifically, after the close of proof but before argument, the Jackson Sun, a local newspaper, had its early edition distributed throughout downtown in newspaper boxes. The headline was printed in bold, black letters and stated, "Mafia Kiss Enters Testimony." There was a newspaper dispenser near where the jury exited.
 
 
 8
 "In considering the effect of such extra-judicial material on the jury the District Court has large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning the trial. Each case must turn on its own special facts." United States v. Van Dyke, 605 F.2d 220, 229 (6th Cir.1979), cert. denied, 444 U.S. 994 (1979).
 
 
 9
 In this case, the trial court used the method suggested by the Eighth Circuit in United States v. Hood, 593 F.2d 293, 296 (8th Cir.1979). The court first determined whether the jurors had been exposed and then polled the jurors as to the extent of infection from the news articles.
 
 
 10
 The jurors exposed to the headlines stated that it would not affect their decision process. Without a more egregious incident, and without a showing of juror bias, defendant's assertion of error must fail.
 
 C.
 
 11
 The defendant next argues that there was insufficient evidence to convict on Count 4. Specifically, defendant argues that the court did not have venue for the witness intimidation charge.
 
 
 12
 Count 4 of the indictment alleges that the defendant on or about May 21, 1990:
 
 
 13
 did knowingly intimidate, threaten, and attempt to do so, and did engage in misleading conduct toward Thomas White by implying to White that the Mafia was going to have White killed; and then kissed White on the forehead and by such conduct did intend to influence, delay or prevent the testimony of Thomas White before the Federal Grand Jury in the Western District of Tennessee and to a law enforcement officer....
 
 
 14
 In obstruction of justice cases, the venue lies in the district where the administration of justice was intended to be obstructed or impeded or in the district where the conduct constituting the alleged offense occurred. 18 U.S.C. § 1512(h).
 
 
 15
 Upon review of the record, we find that there is a sufficient connection between the actions of the defendant and the ongoing investigation in Tennessee to support venue on Count 4 and to support the defendant's conviction on that count. United States v. Scaife, 749 F.2d 338, 346 (6th Cir.1984).
 
 D.
 
 16
 The defendant's fourth argument is that the trial court erred in giving a two level increase for obstruction of justice based on perjury. The court adjusted upward pursuant to Section 3C1.1 of the Sentencing Guidelines.
 
 
 17
 Section 3C1.1 states that if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense," the offense level is to be increased by two levels. Application Note 3(b) specifically lists committing, suborning, or attempting to suborn perjury as types of conduct to which the guideline may apply.
 
 
 18
 The court found that the defendant attempted to suborn perjury when he told his cohort White, who had become a government informant, to "deny everything" and "stick to the original story." The trial court also concluded that the defendant committed perjury on the stand.
 
 
 19
 There is no constitutional protection against increased sentencing when a defendant has attempted to obstruct justice by lying during his testimony. United States v. Acosta-Cazares, 878 F.2d 945, 953 (6th Cir.1989), cert. denied, 493 U.S. 899 (1989).[1] We do not find the conclusions of the trial court to be erroneous. The assignment of error is without merit.
 
 E.
 
 20
 Defendant finally argues that the court's eight level increase pursuant to Section 2J1.2(b)(1) was improper. This section states:
 
 
 21
 If the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice, increase by 8 levels.
 
 
 22
 It was the conclusion of the trial court that the defendant had delivered a death threat to the government informant in this case and that application of the guideline was warranted.
 
 
 23
 The defendant argues that the court should have found that the case presented circumstances not taken into account by the guidelines. Specifically, he asserts that the court and the guidelines failed to distinguish between an actual threat and an implied threat.
 
 
 24
 We conclude that the actions of the defendant are properly included within the guideline. The trial court did not err in concluding that the guideline encompasses physical threats such as the one delivered by the defendant in this case, implied or express.
 
 III.
 
 25
 For the reasons stated above, we AFFIRM the conviction and sentence of the defendant.
 
 
 
 *
 Honorable James P. Churchill, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We note that the Fourth Circuit has recently taken a position which forbids enhancement for obstruction merely because the sentencing court finds that the defendant testified untruthfully at trial. U.S. v. Dunnigan, 944 F.2d 178 (4th Cir.1991). This Circuit has ruled to the contrary. Acosta-Cazares, 878 F.2d at 953